UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD LAMAR MAY,

      Plaintiff,

v.                                Case No. 3:23cv24015-LC-HTC

CHILDREN & FAMILY SERVICES,
et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). As set forth below, Plaintiff's complaint is subject to dismissal based on Plaintiff's failure to comply with Court orders and his failure to prosecute.

On August 31, 2023, this Court granted Plaintiff's motion to proceed *in forma pauperis* with the payment of an initial partial filing fee and ordered him to pay that fee of $2.67 by September 21, 2023. ECF Doc. 4. In the August 31 Order, the Court advised Plaintiff that his failure to comply with the Order may result in a recommendation that this case be dismissed. Despite that warning, Plaintiff failed

to pay the initial partial filing fee, instead filing a blank motion for extension of time to the Court. ECF Doc. 5. On September 21, 2023, the Court gave Plaintiff fourteen (14) days to show cause why this case should not be dismissed due to his failure to comply with the Court's August 31 order. Plaintiff responded with a filled-out motion for an extension of time, ECF Doc. 7, which the Court granted on October 2, 2023, giving Plaintiff until October 16, 2023, to pay the initial partial filing fee. ECF Doc. 8. Plaintiff was warned that failure to comply with the October 2 order "shall result in a recommendation of dismissal." *Id.* To date, Plaintiff has not responded to the October 2 order, and the time to do so has expired.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Thus, dismissal is appropriate here because Plaintiff has not paid the initial partial filing fee.

Indeed, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with

the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at \*1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Although under the Prison Litigation Reform Act a prisoner shall not be prohibited from bringing a civil action simply because he has no assets and no means by which to pay the initial partial filing fee, 28 U.S.C. § 1915(b)(4), that is not why Plaintiff's case is being dismissed.  Instead, Plaintiff's case is being dismissed because he has chosen not to comply with the Court's orders and this Court has been more than lenient in the amount of time the Court has given Plaintiff to pay the partial filing fee.  Dismissal under these circumstances is appropriate.  *See, e.g.*, *Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) ("Because Frith did not respond despite two warnings from the court that a failure to comply could result in the dismissal of his complaint, the district court properly exercised its discretion in dismissing the complaint.").  As the Eleventh Circuit has stated, a "district court need not tolerate defiance of reasonable orders."  *Brown v. Blackwater River Corr.*

*Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (affirming dismissal for failure to pay the partial filing fee despite show cause orders) (citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1241 (11th Cir. 2009)).

Accordingly, it is respectfully RECOMMENDED:

1.     This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2.     The clerk be directed to close the file.

At Pensacola, Florida, this 27th day of October, 2023.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.